| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

------------------------------------------------------- x
In re:                                                                  :
                                                                             :    Case No. 24-11851 (JLG)
Marita Padiernos Rosado,                                   :
                                                                             :    Chapter 7
                                                                             :
                                                    Debtor.       :
------------------------------------------------------- x

## MEMORANDUM DECISION RESOLVING JP MORGAN CHASE BANK, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**A P P E A R A N C E S :**

ROBERTSON, ANSCHUTZ, SCHNEID,
CRANE AND PARTNERS, PLLC
*Attorneys for JPMorgan Chase Bank, N.A.*
900 Merchants Concourse, Suite 310
Westbury, New York 11590
By:     Michael L. Carey

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### INTRODUCTION

On October 28, 2024, Marita Rosado (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition").[1] On November 4, 2024, Gregory Messer (the "Trustee") was appointed as interim chapter 7 trustee to the case.[2] He has subsequently qualified and is now acting as permanent trustee.

---

[1] *Petition*, ECF No. 1. References to "ECF No. __" are to documents filed on the electronic docket of Case No. 24-11851.

[2] *Notice of Chapter 7 Bankruptcy Case, 341(a) Meeting of Creditors & Notice of Appointment of Interim Trustee*, ECF No. 3.

On November 12, 2024, Debtor filed her schedules,[3] which list a claim in the amount of $22,474.14 (the "Claim"), for a debt partially secured by a 2022 Subaru Impreza vehicle (the "Vehicle"). Schedule D at 4; Schedule G at 1. Debtor's schedules list the value of the Vehicle and secured portion of the Claim as $14,500.00, and the unsecured portion of the Claim as $7,974.14. Schedule D at 4. Debtor did not claim the Vehicle as an exempt asset under section 522(b) of the Bankruptcy Code. *See* Schedule C at 1.

The matter before the Court is the motion (the "Motion")[4] of JP Morgan Chase Bank, N.A. ("JP Morgan") for an order modifying the automatic stay for cause, pursuant to sections 362(d)(1) and 362(d)(2) of the United States Bankruptcy Code, to permit JP Morgan to exercise its rights in the Vehicle, take possession of the Vehicle, and recover its attorneys' fees and costs. JP Morgan submitted the affidavit of James Stephan (the "Stephan Affidavit")[5] in support of the Motion.

Debtor did not respond to the Motion. The Court conducted a hearing on the Motion. JP Morgan appeared through counsel. Debtor did not appear.

The Court has reviewed the Motion, including all documents submitted in support thereof, and has considered the arguments made therein by JP Morgan in support of its position. As explained below, JP Morgan has demonstrated grounds for relief from the automatic stay but is not entitled to recover its attorneys' fees and costs for bringing the Motion.

---

[3] *Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule F*, ECF No. 8.

[4] *Motion for Relief from Automatic Stay*, ECF No. 37-1.

[5] *Affidavit in Support of Motion for Relief from Automatic Stay*, ECF No. 37-2.

2

**JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

**The Motion**

On August 9, 2022, Debtor entered into a Retail Installment Sale Contract (the "Agreement")[6] with JP Morgan to finance the purchase of the Vehicle. Stephan Affidavit ¶ 3. Under the Agreement, Debtor granted JP Morgan a security interest in the Vehicle and JP Morgan perfected its lien. *Id.* ¶ 4.[7]

JP Morgan alleges that the loan became due and payable on March 31, 2025. Motion ¶ 4. Based on Debtor's payment history under the Agreement (the "Payment History"),[8] as of April 8, 2025, the total amount due under the Agreement was $21,581.79. Stephan Affidavit ¶ 5.

JP Morgan argues that Debtor has not been making payments under the Agreement and, thus, has failed to provide it with adequate protection for its collateral, entitling JP Morgan to relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. Motion ¶ 5. JP

---

[6] A copy of the Agreement is annexed to the Stephan Affidavit as Exhibit A.

[7] JP Morgan asserts that "Debtor's obligations under the terms of the Agreement are secured by a valid and perfected security interest against Debtor's Vehicle as set forth in the Certificate of Title" and states that a copy of the Certificate of Title is annexed to the Stephan Affidavit as Exhibit B. Motion ¶ 3. However, Exhibit B consists of a document titled "Lien and Title Information," prepared by Collateral Management Services, and dated March 10, 2025. Stephan Affidavit ¶ 4, Ex. B. It lists JP Morgan as the lienholder for the Vehicle, the title state as "NY," and an issuance date of "9/13/2022." *Id.* Ex. B.

[8] A copy of the Payment History is annexed to the Stephan Affidavit as Exhibit C. According to the Payment History, as of October 3, 2024, the balance of the loan was $22,474.14, Stephan Affidavit Ex. C at 1, which is the same amount Debtor lists in her schedules for the amount of the Claim, Schedule D at 4.

3

Morgan argues it "has no protection against the erosion of its [p]roperty position and no other form of adequate protection is provided," *id*. ¶ 8, such that it will suffer irreparable injury if it is not permitted to enforce its security interest in the collateral, *id*. ¶ 9. Based on a J.D. Power/NADA property valuation (the "Valuation")[9] of the Vehicle dated April 8, 2025, the "Clean Retail" value of the Vehicle is $20,075.00. Stephan Affidavit ¶ 6. JP Morgan claims that "[t]he value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor." Motion ¶ 10.

JP Morgan contends that, because the amount of its secured lien exceeds the value of the Vehicle, Debtor does not have any equity in the Vehicle. Motion ¶ 6. JP Morgan requests relief under section 362(d)(2) because "the collateral is unnecessary to an effective reorganization of the Debtor's assets." *Id*. ¶ 10.

Finally, JP Morgan seeks "approval of legal fees in amount of $450.00 and costs in the amount of $199.00 associated with this [M]otion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's bankruptcy estate." *Id*. ¶ 13.

Debtor did not respond to the Motion.

---

[9] A copy of the Valuation is annexed as Exhibit D to the Stephan Affidavit. The Court recognizes that vehicle valuation guides such as NADA serve as widely accepted starting points for valuation purposes under the Bankruptcy Code. *In re Herrera*, 454 B.R. 559, 563 (Bankr. E.D.N.Y. 2011). Here, Debtor did not respond to the Motion or present any evidence challenging this Valuation. In the absence of any contrary evidence or argument from Debtor regarding the Vehicle's condition or value, the Court finds JP Morgan's reliance on the NADA valuation appropriate and accepts it as establishing the Vehicle's value at $20,075.00 for purposes of this Motion. *See In re Martinez*, 409 B.R. 35, 37-38 (Bankr. S.D.N.Y. 2009) (finding Kelly Blue Book value to be an appropriate measure of the vehicle's value where the valuation was unopposed and no additional evidence offered); *In re Jackson*, 358 B.R. 560, 565 (Bankr. W.D.N.Y.) ("When parties contest valuation, this Court does not allow NADA Guide values to serve as the final evidence of the value of a motor vehicle when determining replacement value, retail value or liquidation value."), *rev'd and remanded sub nom. Gen. Motors Acceptance Corp. v. Peaslee*, 373 B.R. 252 (W.D.N.Y. 2007), *aff'd sub nom. In re Peaslee*, 585 F.3d 53 (2d Cir. 2009); *see also In re Laurion*, No. 24-20521, 2025 Bankr. LEXIS 616, at *2 n.2 (Bankr. D. Conn. Mar. 14, 2025) ("Kelley Blue Book and NADA values are both consistently applied as valid valuation metrics.").

4

## **LEGAL PRINCIPLES**

Upon the filing of a petition in bankruptcy, section 362(a) of the Bankruptcy Code imposes an automatic stay of all actions or proceedings against the debtor or its estate. 11 U.S.C. § 362(a); *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 207 (2d Cir. 2014) ("Section 362—the automatic stay—protects bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate."). However, if a party establishes grounds for relief from the automatic stay under section 362(d), the Bankruptcy Code mandates the Court grant relief from the protection afforded by section 362(a). Section 362(d) of Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization . . .

11 U.S.C. §§ 362(d)(1)-(2).

The Bankruptcy Code does not define "party in interest," however, it is settled that "in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor." *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing *In re Comcoach*, 698 F.2d 571, 573 (2d Cir. 1983)). Under the Bankruptcy Code, a creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is a "right to payment, whether or not

5

such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured," *Id*. § 101(5)(A). "The Supreme Court has said that 'claim' has the broadest available definition, and has held that the plain meaning of a 'right to payment' is nothing more nor less than an enforceable obligation." *In re Johns-Manville Corp.*, 552 B.R. 221, 231 (Bankr. S.D.N.Y. 2016), *aff'd*, 623 B.R. 242 (S.D.N.Y. 2020), *aff'd,* No. 20-3693-BK, 2022 WL 4487889 (2d Cir. Sept. 28, 2022).

The party moving for stay relief must establish a prima facie case by showing a factual and legal right to the relief sought. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285, (2d Cir. 1990) ("Section 362(d)(1) requires an initial showing of cause by the movant . . . . If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection."); *In re Eatman*, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion, under either [section 362(d)(1) or (d)(2)], the movant must still make a *prima facie* showing that it is entitled to the relief that it seeks.").

A creditor seeking relief under section 362(d)(1) based on lack of adequate protection bears the burden of proving a decline or threat of decline in the value of its collateral as a result of the stay. *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994) ("[T]he secured creditor lacks adequate protection if the value of its collateral is declining as a result of the stay. It must, therefore, prove this decline in value—or the threat of a decline—in order to establish a *prima facie* case." (footnote omitted)); *accord In re Armenakis*, 406 B.R. 589, 620 (Bankr. S.D.N.Y. 2009) (same); *In re Watkins*, No. 17-12918, 2018 WL 357536, at *2 (Bankr. S.D.N.Y. Jan. 9, 2018). If the creditor meets that standard, the burden shifts to the debtor "to prove that the collateral

6

is not declining in value, or that the secured party is adequately protected through periodic payments, an equity cushion, additional or replacement liens or good prospects for a successful reorganization." *In re Elmira Litho, Inc.*, 174 B.R. at 902 (collecting cases).

The "most persuasive proof of declining value" comes from appraisal or similar evidence showing that the value of the collateral was higher at the beginning of the case. *Id.* at 903. Alternatively, creditor may satisfy its burden of proof by "demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments." *Id.*; *see also In re Davis*, No. 23-11475, 2024 WL 460483, at *2 (Bankr. S.D.N.Y. Feb. 6, 2024) ("Although 'cause' is not defined by the Bankruptcy Code, courts have held that '[a] debtor's failure to make regular mortgage payments as they become due constitutes sufficient "cause" to lift the automatic stay.'" (citing *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012)); *In re Watkins*, 2018 WL 357536, at *2 (inferring value of a vehicle declined based on fact that debtor had not made any payments since filing the petition).

The party seeking stay relief under section 362(d)(2) bears the burden of proving that the debtor lacks equity in the property. 11 U.S.C. § 362(g)(1); *In re Worldcom, Inc.*, No. 02-13533, 2003 WL 22025051, at *4 (Bankr. S.D.N.Y. Jan. 30, 2003) ("Under section 362(d)(2), the moving party has the burden to prove that the debtor lacks equity in the property."). The debtor has the burden of showing both that the property is necessary to reorganization and that reorganization is feasible. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375 (1988) ("Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization.'" (citing 11 U.S.C. § 362(g))).

7

## ANALYSIS

**Whether JP Morgan is Entitled to Relief from the Automatic Stay**

JP Morgan seeks relief pursuant to section 362(d)(1), for cause, due to lack of adequate protection, and section 326(d)(2) because Debtor lacks equity in the Vehicle and it is not necessary for an effective reorganization. Motion ¶ 10. JP Morgan did not file a proof of claim in this case and is not listed as a creditor in Debtor's Petition or schedules; Debtor lists Subaru Motors Finance as the holder of the secured claim on the Vehicle based on a loan. Schedule D at 4; Schedule G at 1.

The filing of a proof of claim is not a prerequisite to establish standing to seek relief from the automatic stay. *In re Lord*, 325 B.R. 121, 133 (Bankr. S.D.N.Y. 2005) ("[A] creditor's right to seek relief from the automatic stay is in no way dependent upon or related to whether or not the creditor has filed or properly executed a proof of claim."). However, absent filing a proof of claim, a creditor seeking stay relief must otherwise demonstrate its status as a "party in interest" under section 362(d). *See In re Everton Aloysius Sterling*, 543 B.R. 385, 390 (Bankr. S.D.N.Y. 2015) ("a lift stay motion cannot be brought by a stranger to the case." (quoting *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011)). "[G]iven the summary and expedited nature of stay litigation, and its non-preclusive effect, the evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage . . . ." *In re Escobar*, 457 B.R. at 239.

The Agreement states that the seller, or creditor, is "Lester Glenn Buick," Agreement at 1, and provides that the seller may assign the Agreement, *id.* at 5. Debtor executed the Agreement on August 9, 2022. *Id.* at 4. According to the Lien and Title Information, the title to the Vehicle was issued September 13, 2022, with JP Morgan as the lienholder. Lien and Title Information at 1.

8

Moreover, the Payment History shows that Debtor began making payments for the Vehicle to JP Morgan on September 7, 2022. Payment History at 1. The Payment History reflects that, as of October 3, 2024, the balance of the loan was $22,474.14, *id.*, which is the same amount of the Claim listed in Debtor's schedules, Schedule D at 4.

Finally, it is undisputed that Debtor entered into the Agreement with JP Morgan, granted JP Morgan a security interest in the Vehicle, and JP Morgan perfected the lien. Stephan Affidavit ¶¶ 3-4. Debtor does not dispute JP Morgan's asserted status as the holder of the Claim secured by the Vehicle. *See Mongiello v. Eastman (In re Mongiello)*, No. 24-CV-694, 2025 WL 227807, at *3 (S.D.N.Y. Jan. 17, 2025) ("Debtor does not appear to contest [movant's] standing to request relief from the automatic stay, and the Court is satisfied that the party in interest requirement is met.").

As such, the Court finds JP Morgan has demonstrated its right to enforce the Agreement and therefore, may seek stay relief. *See In re Escobar*, 457 B.R. at 241 (finding secured creditors met their burden of proof of demonstrating their security interest by providing uncontroverted affidavit testimony that they are holders of the promissory notes secured by the property at issue).

The Court now addresses whether JP Morgan has demonstrated grounds for relief from the automatic stay with respect to the Vehicle.

***Whether Cause Exists Under Section 362(d)(1) Due to Lack of Adequate Protection***

Section 362(d)(1) mandates relief from the automatic stay for "cause," which includes "lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). Adequate protection is "intended to protect a creditor's allowed secured claim." *LNC Investments, Inc. v. First Fid. Bank*, 247 B.R. 38, 44 (S.D.N.Y. 2000) (internal citation omitted). Adequate protection may be provided by making payments, or providing an additional lien, to compensate for depreciation of

9

the value of the creditor's interest, 11 U.S.C. § 361(1)-(2), or by providing the creditor with the "indubitable equivalent" of its interest in such property, *id*. § 361(3). The value of an interest in property under sections 361(1)-(2) equates to the value of the collateral securing the interest. *LNC Investments, Inc.*, 247 B.R. at 44 (applying the Supreme Court's definition of "value of such creditor's interest" in *Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. at 372 to interpret "value of such entity's interest" under section 361(1)-(2) to mean "value of the collateral").

JP Morgan contends its interest in the Vehicle is not adequately protected because Debtor has failed to make payments pursuant to the Agreement. Motion ¶ 5. In support, JP Morgan provides the Payment History, which shows that Debtor has not made a payment since December 5, 2024. Payment History at 1. Debtor filed the Petition on October 28, 2024. Debtor made monthly payments in November and December of 2024—two of the six monthly payments due under the Agreement since the Petition Date. *See* Payment History at 1; Agreement at 1.

JP Morgan has shown that Debtor has failed to make payments under the Agreement, and therefore, has satisfied its burden of demonstrating that the collateral is declining in value as a result of the stay. *See In re Elmira Litho, Inc.,* 174 B.R. at 903 (creditor may satisfy its burden of proof under section 362(d)(1) by "demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments."). Debtor has failed to meet its burden of showing that JP Morgan's interest in the Vehicle is adequately protected. *See id*; *In re Watkins*, 2018 WL 357536, at *2 (inferring the value of a vehicle securing creditor's interest declined such that creditor was not adequately protected because creditor had demonstrated that debtor had stopped making payments).

Accordingly, JP Morgan has established cause for stay relief under section 362(d)(1), due to lack of adequate protection of its interest in the Vehicle.

10

***Whether JP Morgan Has Demonstrated Grounds for Relief Under Section 362(d)(2)***

Under section 362(d)(2), a creditor is entitled to stay relief with respect to property in the debtor's possession if (i) the creditor demonstrates that the debtor lacks equity in the property and (ii) the debtor fails to show that such property is necessary for an effective reorganization. 11 U.S.C. §§ 362(d)(2), (g)(1)-(2); *In re Elmira Litho, Inc.,* 174 B.R. at 901 ("The secured creditor who seeks relief from the automatic stay under § 362(d)(2) must demonstrate (1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property."). A debtor lacks equity in property if the amount owed is greater than the value of the property. *In re Pegasus Agency, Inc.*, 101 F.3d 882, 886 (2d Cir. 1996) ("[T]wo factors must be satisfied to continue the automatic stay as a bar to foreclosure on a debtor's property. First, under Section 362(d)(2)(A), the debtor must have residual equity in the property. The parties agree that this requirement is not fulfilled because the amount Pegasus owes on its mortgage is greater than the value of the [property]."); *In re Elmira Litho, Inc.,* 174 B.R. at 901 ("Under § 362(d)(2), 'equity' means the difference between the value of the property and the total amount of claims that it secures.").

Debtor's schedules list the value of the Vehicle as $14,500.00 and the Claim amount as $22,474.14. Schedule A/B at 4; Schedule D at 4. JP Morgan contends that the value of the Vehicle is $20,075.00, Motion ¶ 6, and the amount due and owing is $21,581.79, *id*. ¶ 4. Accordingly, there is no dispute that the amount of the Claim exceeds the value of the Vehicle. JP Morgan has met its burden of showing that Debtor lacks equity in the Vehicle. Debtor has not and cannot show that the Vehicle is necessary to an effective reorganization because this is a liquidation case under chapter 7 of the Bankruptcy Code. Accordingly, there is no reorganization for the Vehicle to

11

effectuate. As such, the Court finds JP Morgan has demonstrated grounds for relief from the automatic stay under section 362(d)(2).

**Whether JP Morgan is Entitled to Attorneys' Fees**

JP Morgan requests the Court approve its attorneys' fees and costs in bringing the Motion. Motion ¶ 13. JP Morgan does not provide the basis for its request, but states "[s]uch fees and costs would not be collectable from the Debtor or chargeable to the Debtor's bankruptcy estate." *Id*. A secured creditor may only recover fees and costs to the extent its claim is oversecured. *Official Comm. of Unsecured Creditors v. UMB Bank, N.A. (In re Residential Capital, LLC),* 501 B.R. 549, 598 (Bankr. S.D.N.Y. 2013) ("Under section 506(b) of the Bankruptcy Code, a secured creditor is entitled to postpetition interest, fees, costs, and charges to the extent the value of the property securing the creditor's claim is greater than the amount of the creditor's claim." (citing 11 U.S.C. § 506(b))); *accord In re Davis*, 2024 WL 460483, at *4 (denying creditor's request for attorneys' fees for bringing a motion for stay relief because creditor was undersecured). The Court has found that Debtor has no equity in the Vehicle. JP Morgan is an undersecured creditor and therefore, not entitled to recover its attorneys' fees and costs in bring the Motion.

**CONCLUSION**

Based on the foregoing, the Court grants the Motion to the extent set forth herein. JP Morgan is directed to submit an order.

IT IS SO ORDERED.

Dated: May 28, 2025
       New York, New York

       /s/ *James L. Garrity, Jr.*
       Honorable James L. Garrity, Jr.
       United States Bankruptcy Judge